IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 09-30001 |
| **JASON S. SHEPPARD,** | ) ) ) |
| Defendant. | ) ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jason Sheppard's Amended Motion for Compassionate Release (d/e 33) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On April 15, 2009, Defendant Jason Sheppard pled guilty to one count of possession with intent to distribute 5 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On November 9, 2009, Defendant was sentenced to 235 months imprisonment on Counts

1 and 2 to run concurrently and a term of 8 years of supervised release on Count 1 and a term of 6 years of supervised release on Count 2 to run concurrently. Defendant is currently serving his sentence at FCI Bennettsville and has a projected release date of January 10, 2026.

On April 27, 2020, Defendant filed a pro se motion for compassionate release (d/e 29) pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 30, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 33. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. Defendant argues that the Court should waive the exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A).

On May 4, 2020, the Government filed a response opposing Defendant's motion. See d/e 35. The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made.

The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

On May 5, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court heard a statement made by Defendant Sheppard and oral arguments.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or his request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant failed to pursue any administrative remedy prior to his motion.  The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic.  That does not mean the Court will waive the exhaustion requirements in all cases.  The

decision must be made on a case-by-case basis.  In this case, the Court excuses Defendant Sheppard's failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.

Defendant is currently incarcerated at FCI Bennettsville.  The Bureau of Prisons reports that the FCI Bennettsville facility has 3 inmate and 2 staff confirmed COVID-19 cases.  See COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed May 5, 2020).  Bennettsville has approximately 1,330

inmates housed at its facility.  See FCI Bennettsville, Bureau of Prisons, https://www.bop.gov/locations/institutions/ben/ (last accessed May 5, 2020).

Defendant is a 46-year-old male who has been incarcerated since December 2008.  His projected release date is January 10, 2026, with six years remaining on his sentence.  Since being incarcerated, Defendant has undergone two surgeries to repair hernias and has developed a chronic fungal skin condition that results in open sores and bleeding.  Defendant argues that these conditions likely fall into the category of immunocompromised individuals who are at a higher risk of developing severe complications related to COVID-19.  See Amended Motion, d/e 33, p. 2; People Who Are At Higher Risk, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 5, 2020).

However, the severity and potential complications of the skin condition are unknown to the Court.  Regardless, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the

disease. As of the date of this Order, FCI Bennettsville has only 5 confirmed COVID-19 cases.

The Court also notes that Defendant's disciplinary record shows poor behavioral actions. Since 2010, Defendant has been sanctioned for possessing intoxicants, possessing alcohol, possessing an unauthorized item on two occasions, refusing a workplace assignment, and assault without serious injury. Most recently in December 2019, Defendant was sanctioned for using drugs or alcohol. Additionally, the release plan proposed by Defendant does not ensure the safety of those who would be living with Defendant after release.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Sheppard's Amended Motion for Compassionate Release (d/e 33) and Defendant's pro se motion for compassionate release (d/e 29) are DENIED. This ruling does not preclude Defendant from filing

another motion for compassionate release in the future if circumstances change. The Clerk is DIRECTED to send a copy of this Opinion to FCI Bennettsville.

ENTER: May 5, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
